UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6409 CAS (VBKx) | Date | October 27, 2011 |
|---|---|---|---|
| Title | SIX ANGELS, INC. AS TRUSTEE FOR THE ROBERTSON BLVD. TRUST U.D.T., 3/23/02 v. TRINE EL BEY | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| RITA SANCHEZ | N/A | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| N/A | | N/A | |

**Proceedings:** (In Chambers:) ORDER TO SHOW CAUSE REGARDING WHY ACTION SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION

## I.   INTRODUCTION

On July 28, 2011, plaintiff Six Angeles, Inc., as Trustee for the Robertson Blvd. Trust U.D.T., 3/23/02, filed an unlawful detainer action in Los Angeles Superior Court.

On September 9, 2011, defendant Trine El Bay removed the unlawful detainer action to this Court pursuant to 28 U.S.C. § 1331.

## II.   DISCUSSION

The question of whether a claim arises under federal law, for purposes of 28 U.S.C. § 1331, must be determined by reference to the complaint. Franchise Tax Bd. v. Constr. Laborers Trust, 463 U.S. 1, 9–10 (1983). Invoking a federal issue or provision is not "a password opening federal courts to any state action embracing a point of federal law." Grable & Sons Metal Prods., Inc. V. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005). Instead, a claim "arises under" the laws of the United States, for purposes of construing 28 U.S.C. § 1331, only if "a well-pleaded complaint establishes either that (1) federal law creates the cause of action or that (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd., 463 U.S. at 27–28.  As to the second prong, the issue turns on whether the complaint includes "allegations of federal law that are essential to the establishment of the claim." Lippit v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6409 CAS (VBKx) | Date | October 27, 2011 |
|---|---|---|---|
| Title | SIX ANGELS, INC. AS TRUSTEE FOR THE ROBERTSON BLVD. TRUST U.D.T., 3/23/02 v. TRINE EL BEY | | |

Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1041 (9th Cir. 2003).

     Jurisdiction founded on diversity requires that parties be in complete diversity and the amount in controversy exceed $75,000.  Matheson v. Progressive Speciality Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003); see 28 U.S.C. § 1332(a)(1) ("[T]he district courts shall have original jurisdiction of all civil actions where the matter of controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . .").  Federal courts have jurisdiction only where there is complete diversity: the plaintiff's citizenship must be diverse from that of each named defendant.  28 U.S.C. §§ 1332(a), 1332(c)(1).

     Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure.  See 28 U.S.C. § 1447(c).  Section 1447(c) provides, in pertinent part, that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  Id.  In the instant case, although defendant removed on the basis of federal question jurisdiction, pursuant to 28 U.S.C. § 1331, plaintiff's complaint apparently only alleges a state law claim.  Compl. ¶ 6 (stating unlawful detainer action is "solely for nonpayment of rent" pursuant to Cal. Civ. Proc. Code § 1166).

### III.  CONCLUSION

     Based on the foregoing, defendant is hereby ORDERED to SHOW CAUSE within **twenty (20) days**, why the instant action should not be remanded for lack of subject matter jurisdiction.

     IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | RS | | |